# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Julie Dalton, *individually and on behalf of all others similarly situated*, | No. 23-cv-368 (KMM/LIB) |
| Plaintiff, | |
| v. | |
| Dollar Tree Stores, Inc., | |
| Defendant. | |

## **FINAL CLASS CERTIFICATION AND SETTLEMENT APPROVAL ORDER**

This matter came on before the Court on January 30, 2025 pursuant to the Plaintiff's Unopposed Motion for Final Approval of Class Settlement, Attorney Fees, Costs, Expenses, And Service Award (Dkt. No. 42). The Court notes that Plaintiff originally filed the motion for final approval on October 22, 2024, and at that time, any concerns regarding the settlement had been fully resolved and there were no outstanding objections. By email prior to the January 30, 2025 hearing and at the hearing itself, the Court confirmed that between the filing of the motion and the date of the hearing, neither counsel for Plaintiff nor for the Defendant had heard from any absent class member or other party raising any objection to the settlement. Although the Court held the hearing on the motion remotely, the Court's staff opened the courtroom, so members of the public could also attend in person. No objectors appeared at the hearing, either remotely or in person, to raise concerns regarding approval of the settlement.

Having carefully considered the motion, the relevant legal authority, the proposed Settlement Agreement, and all of the related filings and supporting documents, the Court hereby Grants the motion.

THE COURT MAKES THE FOLLOWING FINDINGS AND ORDER:

1. The Settlement Agreement attached as Exhibit A to the Declaration of Patrick W. Michenfelder (Dkt. No. 44-1) (Settlement Agreement) is approved as fair, reasonable and adequate.

2. The Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Lawsuit") and of the strengths and weaknesses of their respective positions. The Agreement was reached after the Parties engaged in extensive settlement discussions. Counsel for the Parties were therefore well-positioned to evaluate the benefits of the Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The distribution of the Class notice (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Lawsuit, the nature and terms of the proposed settlement, their right to object to the proposed settlement, and their right to appear at the Fairness Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

4. The following Class is certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2) for purposes of settlement:

> All blind or visually impaired individuals or other individuals in the United States with disabilities as defined by the Americans with Disabilities Act who use or require audio readouts of on-screen prompts and tactile keypads associated with use of payment terminals (or comparable technologies that allow the individuals to interact with payment terminals), and who have or allege they have been, or in the future will be, denied the full and equal enjoyment of Defendant's payment terminals' cash back feature at stores owned or operated by Defendant in the United States because such persons encounter(ed) a payment terminal without an audio readout and tactile keypad to obtain cash back at Defendant's stores.

5. Plaintiff Julie Dalton fairly and adequately represents the interests of the Settlement Class in enforcing their rights in this action is appointed as Settlement Class Representative.

6. Patrick W. Michenfelder, Esq. is an experienced and competent class action counsel who efficiently, effectively, fairly, and adequately protected the interests of the putative class throughout this litigation. He is appointed Class Counsel for the Settlement Class.

7. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions.

8. Upon entry of this Final Approval Order, the Injunctive Releasing Parties shall, by operation of this Order Granting Final Approval of Class Action Settlement, fully and finally release, acquit, and discharge Defendant from the Released Injunctive Claims in accordance with the terms of the Settlement Agreement.

9. The Court shall retain the Court's jurisdiction to enforce this Agreement.

**IT IS SO ORDERED**

Date: February 3, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge